# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## JAMES R. LENING v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Lauderdale County
### No. 6673   Joe H. Walker, III, Judge

---

### No.  W2013-01648-CCA-R3-HC  - Filed February 5, 2014

---

The Petitioner, James R. Lening, appeals the Circuit Court for Lauderdale County's denial of his pro se petition for writ of habeas corpus.  The State has filed a motion requesting that this court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

JOHN EVERETT WILLIAMS,  J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

James R. Lening, Nashville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Rachel E. Willis, Senior Counsel, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Petitioner was convicted of two counts of aggravated assault and one count each of aggravated criminal trespass, aggravated burglary, and vandalism over $1,000.  He received an effective sentence of forty-two years.  This court affirmed his convictions and sentences on direct appeal.  See State v. James Richard Lening, No. M2008-01218-CCA-R3-CD, 2009 Tenn. Crim. App. LEXIS 406 (Tenn. Crim. App., at Nashville, June 9, 2009).  The Petitioner then sought post-conviction relief.  The post-conviction court denied the Petitioner's petition, and this court affirmed the post-conviction court's judgment on appeal. See James Richard Lening v. State, No. M2012-01630-CCA-R3-PC, 2013 Tenn. Crim. App.

LEXIS 306 (Tenn. Crim. App., at Nashville, Apr. 1, 2013).

In May of 2013, the Petitioner filed a petition for writ of habeas corpus. Prior to trial, counts 2 and 3 of the indictment were amended to reduce the charges from attempted aggravated robbery to attempted robbery. Count 1 of the indictment, which charged aggravated burglary, was amended to allege that the Petitioner entered the residence with the intent to commit robbery rather than aggravated robbery as originally charged. The Petitioner asserted that the State improperly amended his indictments and that he did not "personally" consent to the amendments. On May 31, 2013, the trial court entered an order denying the petition. The trial court found that the Petitioner, through counsel, consented to the amendments. On July 16, 2013, the Petitioner filed a notice of appeal.

The Petitioner filed his notice of appeal more than thirty days after the date of entry of the trial court's judgment. See T.R.A.P. 4(a) (providing that the notice of appeal "shall be filed . . . within 30 days after the date of entry of the judgment appealed from"). This court may waive the requirement of a timely notice of appeal in the interest of justice. See id. The Petitioner stated in his notice of appeal that he did not receive a copy of the trial court's order until June 24, 2013. The record also includes a letter stating that the Petitioner was stabbed in May 2013 and was transferred to another prison. Based upon these circumstances, we conclude that the timely filing of the notice of appeal should be waived in the interest of justice.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also Tenn. Code Ann. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

> a voidable judgment is *facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity*. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under

such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The Petitioner asserts that his convictions are void because he did not personally consent to the amending the indictments. The Petitioner failed to attach the indictments to his habeas corpus petition. Moreover, the Petitioner was not convicted of the attempted robbery charges in counts 2 and 3 and was only convicted of aggravated burglary as alleged in count 4 of the indictment. The transcript of the pretrial hearing attached to the Petitioner's petition establishes that the Petitioner's counsel consented to the amendments. Pursuant to Rule 7 of the Tennessee Rules of Criminal Procedure, an indictment may be amended with the defendant's consent. To the extent that the Petitioner's claims that trial counsel was ineffective in consenting to the amendments, we note even if trial counsel was ineffective, the Petitioner's judgments would be voidable and not void. See Passarella, 891 S.W.2d at 627. Accordingly, the Petitioner has failed to establish a cognizable claim for habeas corpus relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE